J-S27002-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES E. HAMMOND | : | |
| | : | |
| Appellant | : | No. 1827 WDA 2017 |

Appeal from the PCRA Order November 7, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002105-2010

BEFORE: OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY OLSON, J.: FILED JUNE 11, 2019

Appellant, James E. Hammond, appeals from an order entered on November 7, 2017 in the Criminal Division of the Court of Common Pleas of Allegheny County that denied, as untimely, his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The facts underlying Appellant's guilty plea conviction are irrelevant to our disposition of this appeal; hence, we shall dispense with a recitation of the factual history of this case. The Commonwealth charged Appellant with persons not to possess a firearm (18 Pa.C.S.A. § 6105(a)(1)) and false reports to law enforcement (18 Pa.C.S.A. § 4906(b)) following a report of a gunshot heard on January 12, 2010. Thereafter, on February 2, 2010, Appellant entered a counseled guilty plea to both counts. On May 6, 2011, the court sentenced Appellant to serve three to ten years' incarceration for the firearms charge and no further penalty for the false reports conviction.

_____

* Retired Senior Judge assigned to the Superior Court.

Appellant filed a pro se petition for collateral relief on June 27, 2011. The PCRA court appointed counsel who, on October 27, 2011, filed an amended petition alleging ineffective assistance of trial counsel. The court dismissed Appellant's petition without a hearing on December 21, 2011. Finding no merit to Appellant's claims, this Court affirmed the order dismissing Appellant's petition on April 8, 2013. Our Supreme Court denied Appellant's petition for allowance of appeal on September 13, 2013.

Appellant filed a second PCRA petition on December 17, 2013. Counsel was appointed to file an amended petition but instead elected to seek withdrawal pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). In response to counsel's no merit letter, the PCRA court, on January 21, 2014, entered an order changing Appellant's false reports conviction from a second-degree misdemeanor to a third-degree misdemeanor. The court dismissed Appellant's second petition on February 25, 2014.

Appellant filed a third petition on December 18, 2014. After the Commonwealth submitted its response, the court dismissed the petition on February 24, 2015. A fourth petition followed on May 19, 2016, which the PCRA court dismissed on June 28, 2016. Appellant filed the instant petition (his fifth) on October 13, 2017. The court dismissed the petition on November 7, 2017 as untimely. This appeal followed.

"The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature." Commonwealth v. Montgomery, 181 A.3d 359,

- 2 -

365 (Pa. Super. 2018) (en banc), appeal denied, 190 A.3d 1134 (Pa. 2018) (cleaned up). "The question of whether a petition is timely raises a question of law, and where a petition[] raises questions of law, our standard of review is de novo and our scope of review is plenary." Commonwealth v. Pew, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Since Appellant filed neither a post-sentence motion nor a direct appeal, his judgment of sentence became final on June 6, 2011 (the Monday following the 30th day after the imposition of sentence on May 6, 2011). Hence a timely PCRA petition needed to be filed no later than June 6, 2012. Because Appellant filed the instant petition on October 13, 2017, it is patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).  If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

After careful review of the certified record and the parties' submissions, we conclude that neither this Court nor the PCRA court possess jurisdiction to entertain Appellant's claims for collateral relief.  Appellant's May 6, 2011 sentence became final 30 days later, on June 6, 2011, since he did not file a post-sentence motion or direct appeal.  On its face, then, the instant petition for collateral relief, filed nearly six years after Appellant's judgment of sentence became final, is untimely.  In addition, Appellant has not alleged or demonstrated that any of the exceptions to the PCRA's one-year time bar apply in this case.  To the extent Appellant seeks to challenge the legality of his detention because of a change in the firearms statute under which he was charged, we note that even challenges to the legality of a sentence must be raised in a timely PCRA petition.  See Commonwealth v. Whitehawk, 146 A.3d 266, 270 (Pa. Super. 2016).  Because Appellant has not satisfied the mandatory and jurisdictional timeliness requirements of the PCRA, we hold that the PCRA court lacked authority to entertain his claims and that dismissal was proper.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/11/2019